C1                        UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF MICHIGAN
                              SOUTHERN DIVISION

KEVIN KING and CHERYL KING,

              Plaintiffs,                    No. 12-15116

v.                                           District Judge Matthew F. Leitman
                                             Magistrate Judge R. Steven Whalen

T. WILLIAMS,

              Defendant.
_____ /

                      **REPORT AND RECOMMENDATION**

       On March 7, 2013, Plaintiffs Kevin King and Cheryl King filed am amended *pro
se* civil rights complaint under 42 U.S.C. § 1983. Kevin King is a prison inmate in the
custody of the Michigan Department of Corrections ("MDOC").  Cheryl King is his wife.
Before the Court is Defendant's motion for summary judgment [Doc. #38], which has
been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).
For the reasons discussed below, I recommend that the motion be DENIED.

                          **I.    FACTS**

       On August 7, 2013, then-Magistrate Judge (now District Judge) Laurie J.
Michelson filed a Report and Recommendation [Doc. #22] recommending the denial of
Defendant's motion to dismiss.  Judge Michelson set forth the facts as alleged in the
Plaintiffs amended complaint as follows:

       Plaintiff Kevin King was transferred to the G. Robert Cotton Correctional
       Facility in March 2012 and has remained incarcerated there since. (Dkt. 12,
       Am. Compl., ¶ 1.) On July 5, 2012, Cheryl King visited her husband in the
       prison. (*Id.*) Defendant Williams was supervising the visiting room. (*Id.*)
       After Cheryl was "forced to wait over 55 minutes" to see her husband, she
       asked Williams to "contact supervisory staff." (*Id.*) Williams responded by
       threatening "visitation termination and permanent restriction if supervisory

                                   -1-

staff were to be contacted." (*Id.*) Kevin King then waved at Defendant's supervisor, who opened the security door to speak with him. (*Id.*, ¶ 2.) Defendant immediately made "verbal threats of issuing a misconduct and terminating Plaintiff's visit," and, consequently, Plaintiff "was forced to cease his verbal complaint." (*Id.*) Defendant then wrote "several supposed violations" against Plaintiffs, including "speaking with supervisory staff," "having their heads too close together," and "switching seats." (*Id.*, ¶ 3.)

Kevin King submitted a written complaint against Defendant following the incident. (*Id.*,¶ 4.) Additionally, Cheryl King called Defendant's supervisor and submitted an oral complaint, expressing "fear of further retaliation and threats" from Defendant, especially threats "to terminate visitation and issue a visiting restriction." (*Id.*, ¶ 5.) Cheryl King also emailed several complaints to the supervisory staff. (*Id.*)

Cheryl King visited her husband again the following week, on July 12, 2012. (*Id.*, ¶ 6.) Defendant was not then working the visiting room, but she had instructed the staff member who was working "to seat Plaintiffs across from each other premised on 'warnings' issued by her (Defendant T. Williams), on July 5, 2012." (*Id.*) In other words, the Kings were not permitted to sit next to each other and put their arms around one another. The MDOC Policy Directive on Prisoner Visitation, however, expressly provides that "[d]uring contact visits, physical contact between prisoners and visitors is prohibited except for one kiss and one embrace between a prisoner and each of his/her visitors at the beginning and end of each visit and when a picture is being taken. In addition, a prisoner and his/her visitor are permitted to have their arms around the shoulders of one another and may hold hands." (Dkt. 16, Ex. C,MDOC Policy Directive 05.03.140, at ¶ V.).  Cheryl again waved down the supervisor and complained about "the campaign of abuse that was transpiring at the hands of Defendant."(Id., ¶ 8.) She then left the visitation early, because she and "[Kevin] King were prevented from spending time together in accordance with MDOC policy." (Id., ¶ 9.)

On September 3, 2013, Judge Thomas J. Ludington, who was previously assigned to this case, accepted the Report and Recommendation, and denied Defendant's motion to dismiss [Doc. #27]. He noted that neither party had filed objections.

On January 22, 2014, Plaintiff Kevin King was deposed.  *See Kevin King Deposition Transcript*, Exhibit A to Defendant's motion.  On the same day, Plaintiff Cheryl King was deposed. *See Cheryl King Deposition Transcript*, Exhibit B to Defendant's motion.  Their testimony is essentially consistent with the allegations in their

complaint.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

-3-

The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.   DISCUSSION

### A.   First Amendment Retaliation

A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In *Thaddeus-X*, the Sixth Circuit noted that "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations," and that the "adverse action" standard it endorsed was "capable of screening the most trivial of actions from constitutional cognizance." *Id*. at 398. The Defendant argues that Plaintiffs have failed to show that a sufficiently serious adverse action was taken against them, or stated differently, that any action that Defendant Williams took was *de minimis*, and therefore not actionable. Significantly, however, Judge Michelson, in recommending denial of Defendant's motion to dismiss, already rejected this argument. *See* Report and Recommendation [Doc. #22] (adopted by Judge Ludington in Doc. #27). Rather than reinvent the wheel, and because I can say it no better than Judge Michelson, I quote her analysis here:

-4-

Defendant does, however, contest that preventing Plaintiff and his wife from having physical contact during their visit would deter an ordinary person from engaging in Plaintiffs' protected conduct. Whether action is sufficiently adverse to deter a person of ordinary firmness is generally a question of fact and thus reserved for the jury. *See, e.g., Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002) ("in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law . . . unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury").

Although "certain threats or violations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions." *Thaddeus-X*, 175 F.3d at 398. Here, Defendant's conclusory assertion that her retaliation was "insignificant" is simply inadequate to establish that her conduct was "de minimis." A wide variety of conduct has been found sufficiently adverse to state a claim for First Amendment retaliation. *See, e.g., Pasley v. Conerly*, 345 Fed. App. 981, 985 (6th Cir. 2009) ("Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct."); *Thacker v. Campbell*, 165 F.3d 28 (6th Cir. 1998) (finding a two month suspension of visitation privileges sufficient to state a claim); *Brown v. Crowley*, 312 F.3d 782 (6th Cir. 2002) (holding that writing up an inmate for a major misconduct violation was sufficiently adverse though the only harm was the risk of further sanctions as a result); *Hall v. Sutton*, 755 F.2d 786 (11th Cir. 1985) (finding the confiscation of tennis shoes sufficient to state a claim for retaliation). Defendant's threat to restrict visitation, her issuance of false misconduct violations, and her deprivation of contact granted to prisoners and their visitors during contact visits (*see* Dkt. 16, Ex. C, MDOC Policy Directive 05.03.140, at ¶ V) could thus be found sufficient to deter a person of ordinary firmness.

I recognize that the rejection of Defendant's argument occurred in the context of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), not a motion for summary judgment under Rule 56. However, discovery having proceeded, the facts viewed in the light most favorable to the Plaintiffs are no different than the facts set forth in the amended complaint, facts that Judge Michelson and Judge Ludington found to be sufficient to support a claim a retaliation claim. Not only is the prior analysis legally and factually sound, but the "law of the case" doctrine precludes reconsideration of Defendant's argument. Pursuant to that doctrine, "when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)).

Defendant is therefore not entitled to summary judgment on the Plaintiffs' First Amendment retaliation claim.

## B.   Damages

Defendant argues in the alternative that she is entitled to partial summary judgment to the extent that "Kevin King cannot collect any damages for mental or emotional injuries because he did not suffer a physical injury." *Defendant's Brief*, at 5.[1] Defendant bases this argument on the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(e), which provides:

> "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury."

The Sixth Circuit has not definitively ruled on whether § 1997e(e) applies to First Amendment claims.[2] *See Taylor v. United States*, 161 Fed.App'x. 483, 486-487, 2005 WL 3528920, *3 (6th Cir. 2005)(declining to reach the issue, but noting that "the majority of courts hold § 1997e(e) applies to *all* federal prisoner lawsuits"). However, in *Williams*

---

[1] Defendant concedes that "King may collect nominal and punitive damages." *Id*.

[2] Because Cheryl King is not a prison inmate, § 1997e(e) clearly does not apply to her.

*v. Ollis*, 230 F.3d 1361 (6th Cir. 2000)(Table), the Sixth Circuit held in an unpublished opinion that while "most of plaintiff's claims for money damages are precluded under 42 U.S.C. § 1997e(e)," nevertheless, "plaintiff's First Amendment retaliation claim is not precluded. *See Canell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998)."

There is a divergence of opinion on the issue both among the Circuits and within the district courts in the Sixth Circuit. *Compare Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir.2001) (involving a claim for violations of First Amendment rights and holding that § 1997e(e) "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional") with *Canell v. Lightner*, *supra*, at 1213 ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the relief sought").

In this district, Judge Tarnow in *Siggers-El v. Barlow,* 433 F.Supp.2d 811, 815 - 817 (E.D.Mich. 2006), held as follows: "§ 1997e(e) is unconstitutional to the extent that it precludes First Amendment claims such as the one presented in this case. The Court holds that the jury was entitled to find that Plaintiff suffered mental or emotional damages as a result of Defendant's violation of his First Amendment rights. Any other interpretation of § 1997e(e) would be inconsistent with the law and also unconstitutional." *Accord Kalasho v. Caruso*, 2007 WL 2782067, at *3, fn. 1 (E.D. Mich. 2007) (unpublished) (Hood, J.).

In *Percial v. Rowley*, 2005 WL 2572034, *2 (W.D.Mich. 2005)(unpublished), Judge Enslen, persuaded by the Ninth Circuit's reasoning in *Canell*, noted as follows:

> "The Court is also mindful that seldom is the case when a prisoner will actually sustain a physical injury from a First Amendment deprivation.

> Rather, 'the harms proscribed by the First Amendment, Due Process, or
> Equal Protection are assaults on individual freedom and personal liberty,
> even on spiritual autonomy, and not physical well being.' *Shaheed-
> Muhammad v. Dipaolo,* 138 F.Supp.2d 99, 101 (D.Mass.2001). To allow
> section 1997e(e) to effectively foreclose a prisoner's First Amendment
> action would put that section on shaky constitutional ground."

*Percial* also questioned whether Congress intended § 1997e(e) to effectively immunize

prison officials from claims for First Amendment damages:

> "This Court is convinced that allowing prison officials to violate inmate
> First Amendment rights with impunity, resolute in the knowledge that a
> First Amendment physical injury will virtually never manifest itself within
> the meaning of section 1997e(e), is not what Congress intended when it
> passed the Act."  *Id.* at 2-3

But *see LaFountain v. Martin*, 2010 WL 2640417, *1 -3  (W.D.Mich. 2010)

(unpublished)(Maloney, J.)(rejecting plaintiff's claim for compensatory damages in a

First Amendment case where there was no physical injury, but recognizing the split of

authority).

In the absence of controlling authority, I find that the Ninth Circuit in *Canell*

(relied upon by the Sixth Circuit in the unpublished *Williams* decision), this district in

*Siggers-El*, and the Western District in *Percial* have the better reasoned analysis, both as

a matter of constitutional law and statutory interpretation.  I therefore recommend that

Defendant's alternative motion for partial summary judgment precluding compensatory

damages for Plaintiff's First Amendment retaliation claim be denied.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion for summary judgment

[Doc. #38] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                    s/R. Steven Whalen
                                    R. STEVEN WHALEN
                                    UNITED STATES MAGISTRATE JUDGE
Dated: August 18, 2014


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 18, 2014, electronically and/or by U.S. mail.

                                    s/Carolyn M. Ciesla
                                    Case Manager to the
                                    Honorable R. Steven Whalen

-9-