UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL KING and
KEVIN KING,

    Plaintiffs,

v.

T. WILLIAMS,

    Defendant.
_____/

Case No. 12-cv-15116
Hon. Matthew F. Leitman

**<u>ORDER SUSTAINING IN PART AND OVERRULING IN PART
DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF #46); ADOPTING IN PART
AND REJECTING IN PART THE REPORT AND RECOMMENDATION
(ECF #45); AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #38)</u>**

Plaintiff Kevin King ("King") is an inmate in the custody of the Michigan Department of Corrections. At all relevant times, King was incarcerated at the G. Robert Cotton Correctional Facility (the "Cotton Facility"). On March 7, 2012, King and his wife Cheryl King (collectively "Plaintiffs" or the "Kings"), filed an Amended Complaint against Tiffaney Williams ("Williams"), a corrections officer at the Cotton Facility. (*See* Am. Compl., ECF #12.) Among other things, the Kings allege that Williams supervised the Cotton Facility's visiting room and that, in retaliation for earlier complaints the Kings made against her, she prohibited the

1

Kings from sitting next to each other and embracing each other during a visit in which such contact would otherwise be allowed. (*See id.* at ¶¶6-8.)

On March 7, 2013, Williams moved to dismiss the Kings' Amended Complaint. (*See* ECF #14) In her motion to dismiss, Williams argued that her alleged retaliatory acts were de minimis and thus insufficient to support a retaliation claim. (*See id.* at Pg. ID 93.) The Magistrate Judge then assigned to the case recommended denying Williams' motion to dismiss. (*See* ECF #22.) The then-assigned Magistrate Judge concluded that Williams' alleged actions were not de minimis because her purported "threat to restrict visitation, her issuance of false misconduct violations, and her deprivation of contact granted to prisoners and their visitors during contact visits … could [] be found sufficient to deter a person of ordinary firmness" from engaging in protected activity. (ECF #22 at 6, Pg. ID 149.) Williams did not file any objections to the recommendation to deny his motion to dismiss, and the Court adopted the recommendation and denied Williams' motion to dismiss. (*See* ECF #27.)

Following discovery, Williams moved for summary judgment. (*See* ECF #38.) In her motion, Williams again argued that her actions were de minimis and insufficient to support a retaliation claim. (*See id.* at 4-5, Pg. ID 208-209.) Williams also argued that the Prison Litigation Reform Act (the "PLRA") prohibited King from recovering damages for any mental or emotional harm. (*See*

2

*id.* at 5-8, Pg. ID 209-212.) On August 18, 2014, the now-assigned Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court deny Williams' motion. (*See* ECF #45.)

In the R&R, the Magistrate Judge first recommended that the Court allow the Kings' retaliation claim to proceed to a jury. (*See id.* at 4-6, Pg. ID 408-410.) The Magistrate Judged rejected Williams' argument that her actions were "de minimis" as a matter of law. The Magistrate Judge concluded that Williams had not presented any evidence – such as facts demonstrating the falsity of the Kings' allegations – that would warrant a retreat from the Court's earlier ruling that the Kings' retaliation claim was viable. The Magistrate Judge also recommended that the Court deny Williams' partial summary judgment on King's claim for mental and emotional injuries. (*See id.* at 6-8, Pg. ID 410-412.)

Williams filed timely objections to the R&R. (*See* ECF #46.) In her objections, Williams first repeats her argument that her actions prohibiting Plaintiffs from sitting next to each other and embracing during a contact visit were "de minimis" and do not "rise to the level of being constitutional violations." (*Id.* at 3, Pg. ID 418.) But Williams has identified no binding authority in which a similar retaliatory act was found to be de minimis. And the Sixth Circuit has explained that "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amendable to

3

resolution as a matter of law … unless the claimed retaliatory action is truly inconsequential, the plaintiff's claim should go to a jury." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (internal quotation marks omitted). The Court agrees with the Magistrate Judge that the retaliatory action here – Williams' refusal to allow Plaintiffs to sit next to each other and embrace during a visit where such conduct would otherwise have been allowed – is not so "inconsequential" that this case should not proceed to a jury on that question. Indeed, Williams substantially understates the value of human contact in general and its special value to the Kings.[1] Touching each other, even briefly, is the sole form of intimacy that the Kings may share, and it was certainly meaningful for Williams to deprive them of physical contact. The Court therefore overrules Williams' first objection and will adopt the R&R to the extent it recommends denying Williams' summary judgment on this ground.

---

[1] Myriad sources, easily located via a quick internet search, explain in detail the important role that physical human contact plays in our lives. *See, e.g.,* Rick Chillot, *The Power of Touch*, Psychology Today, March 11, 2013; *see also* Benedict Carey, *Evidence That Little Touches Do Mean So Much*, N.Y. Times, Feb. 23, 2010, at D5. The Court is certainly not making any definitive proclamation concerning the role of touch and physical contact. Rather, the Court cites these sources as support for its conclusion that Williams has dismissed the importance of touch far too easily – and has not demonstrated the depriving two people of otherwise-permitted touching is, as a matter of law, merely a "de minimis" adverse action.

In her second objection, Williams argues that the Magistrate Judge erred when he denied her motion for summary judgment on that portion of Kevin King's claim seeking damages for mental or emotional injuries. The Court sustains this objection. The applicable provision of the PLRA states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." 42 U.S.C. § 1997e(e). There is no dispute that (1) King is a "prisoner confined in a jail, prison, or other correctional facility," (2) the injuries he claims to have suffered occurred "while in custody," and (3) King has made no showing of "physical injury." Under the plain language of the PLRA, King thus may not recover damages for mental or emotional injuries. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("To the extent [plaintiff] seeks compensation for [emotional distress] injuries alleged to have resulted from a First Amendment violation, the district court properly determined that his claim is barred by the physical injury requirement of § 1997e(e)"). Indeed, while the Sixth Circuit has not yet decided whether § 1997e(e) bars a claim for mental/emotional damages in the First Amendment context, that court has noted that "the majority of courts hold § 1997e(e) applies to *all* federal prisoner lawsuits. *Taylor v. United States*, 161 Fed. App'x 483, 486-487 (6th Cir. 2005) (emphasis in original).

The Court acknowledges that other courts have reached a contrary conclusion for different reasons – including that the PLRA cannot sensibly be interpreted to apply to First Amendment retaliation claims because those claims rarely, if ever, involve physical injury and that applying the PLRA to First Amendment retaliation claims would be unconstitutional. *See, e.g. Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998); *Siggers-El v. Barlow*, 433 F.Supp.2d 811, 815-817 (E.D. Mich. 2006). However, King has not persuaded the Court that applying the PLRA to him would violate the constitution, and the Court believes that the plain language of the PLRA controls in this case. The Court will therefore sustain Williams' second objection and will reject the R&R to the extent that it recommends denying Williams' partial summary judgment on King's claim for mental/emotional damages. This holding, however, does not prohibit King from potentially obtaining nominal and/or punitive damages against Williams, and it has no effect on the damages Cheryl King may recover.

Therefore, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** (1) Williams' Objections to the R&R (ECF #46) are sustained in part and overruled in part; (2) the Magistrate Judge's R&R (ECF #45) is adopted in part and rejected in part; (3) Defendant's Motion for Summary Judgment (ECF #38) is granted as to King's claim for mental/emotional damages; and (4) Defendant's Motion for Summary Judgment (ECF #38) is denied in all other respects.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 29, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113