UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL KING and
KEVIN KING,

      Plaintiffs,                        Case No. 12-cv-15116
                                        Hon. Matthew F. Leitman

v.

TIFFANEY WILLIAMS,

      Defendant.

_____/

## ORDER DEFERRING RULING ON DEFENDANT'S MOTION IN LIMINE (ECF #65) AND GRANTING PLAINTIFFS' MOTIONS IN LIMINE (ECF ## 66, 67, 68)

On July 20, 2015, the Court held a Final Pretrial Conference in this action. At that time, the Court heard argument on four motions in limine: one filed by Defendant Tiffaney Williams ("Defendant") and three filed by Plaintiffs Cheryl King ("Ms. King") and Kevin King ("Mr. King") ( collectively, "Plaintiffs").

Defendant's motion in limine sought to exclude evidence at trial of her termination from the Michigan Department of Corrections (the "MDOC"). (*See* ECF #65.) For all of the reasons stated at the Final Pretrial Conference, the Court will **DEFER** a final ruling on Defendant's motion at this time. At trial, outside the presence of the jury, the Court will allow Defendant to testify and create a record with respect to her termination from the MDOC. The Court will then rule on

1

Defendant's motion.  Until the Court issues its final ruling on Defendant's motion, Plaintiffs and Plaintiffs' counsel shall not reference Defendant's termination with the MDOC.

Plaintiffs' first motion in limine sought to exclude at trial any reference to the nature of Mr. King's prior convictions.  (*See* ECF #66.)  For all of the reasons stated at the Final Pretrial Conference, this motion is **GRANTED**.  Defendant shall not reference at trial the nature or number of Mr. King's past convictions. Defendant shall, however, be allowed to refer to Mr. King as a convicted felon.

Plaintiffs' second motion in limine sought to exclude at trial any reference to Mr. King's prior lawsuits and grievances.  (*See* ECF #67.)  For all of the reasons stated at the Final Pretrial Conference, this motion is **GRANTED**.  Unless and until the Court orders otherwise, Defendant shall not reference at trial Mr. King's past lawsuits or grievances.  If, during trial, Defendant believes that either Plaintiffs or Plaintiffs' counsel have opened the door to such evidence, the Court will allow Defendant, outside the presence of the jury, to ask the Court to reconsider this ruling.

Plaintiffs' final motion in limine sought to exclude at trial any reference to previous non-related visitor restrictions and warnings provided to Plaintiffs.  (*See* ECF #68.)  For all of the reasons stated at the Final Pretrial Conference, this motion is **GRANTED**.  Unless and until the Court orders otherwise, Defendant

shall not reference at trial any previous non-related visitor restrictions and warnings provided to Plaintiffs. If during trial, Defendant believes that either Plaintiffs or Plaintiffs' counsel have opened the door to such evidence, the Court will allow Defendant, outside the presence of the jury, to ask the Court to reconsider this ruling.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  July 22, 2015                    UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3